UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND,

    Plaintiff,

    v.

UNIVERSAL PAINTING CORPORATION
a/k/a UNIVERSAL PAINTING,

    Defendant.

Civil Action No. 05-1813 (JDB)

### ORDER AND DEFAULT JUDGMENT

Plaintiff, the International Painters and Allied Trades Industry Pension Fund, brings this action against defendant Universal Painting Corporation pursuant to the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. Plaintiff seeks judgment by default against defendant for delinquent pension contributions owed by defendant to plaintiff and certain ancillary funds pursuant to labor contracts, a trust agreement, and pension plan. Plaintiff also seeks injunctive relief to facilitate a further accounting of contributions owed by defendant.

Plaintiff served the complaint on defendant Universal Painting Corporation on September 27, 2005. Defendant has not answered or otherwise responded to the complaint. On October 27, 2005, pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against defendant. Plaintiff subsequently submitted the pending motion for default judgment on November 14, 2005.

The Court has reviewed the motion for default judgment and the accompanying exhibits, and has determined that default judgment in the amounts and nature sought is appropriate as set forth below.[1] Accordingly, it is hereby **ORDERED** that:

1.  Plaintiff's motion for default judgment is **GRANTED**.

2.  Judgment is entered in favor of plaintiff International Painters and Allied Trades Industry Pension Fund and against defendant Universal Painting Corporation aka Universal Painting ("Defendant"), in the amount of $20,689.52, itemized as follows:

    (a) Unpaid contributions in the amount of $15,774.11 for the period January 2005 through September 2005;

    (b) Interest on the unpaid contributions set out in ¶2(a) above through October 31, 2005 in the amount of $261.04. The contribution amount in ¶2(a) will continue to bear interest as provided in 29 U.S.C. § 1132(g)(2)(B) and 26 U.S.C. § 6621, as from time to time amended, until the date of actual payment;

    (c) Liquidated damages in the amount of $3,154.86 for the period January 2005 to September 2005;

    (d) Late fees in the amount of $17.07;

    (e) Attorneys fees and costs in the amount of $1,482.44, through November 7, 2005.

---

[1] The relief granted does not extend to attorneys fees for work that plaintiff anticipates will be necessary to enforce this judgment and collect additional delinquent contributions after completion of an audit of defendant's records. Such an award would be premature at this time. Plaintiff may request an award of fees for work post-dating its motion for default judgment in a motion for supplemental relief.

3. Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with defendant, shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendant is obligated to do so under its collective bargaining agreement(s).

**SO ORDERED.**

---
JOHN D. BATES
United States District Judge

Dated: January 18, 2006

Copies to:

Sanford G. Rosenthal
JENNINGS SIGMOND
510 Walnut St., Suite 1600
Philadelphia, PA 19106-3683
Email: usdc-dc@jslex.com

*Counsel for plaintiffs*

UNIVERSAL PAINTING CORPORATION
aka Universal Painting
2234 Old Tampa Hwy.
Lakeland, FL 33815

*Defendant*